IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARY LYNN BEATY** | § | |
| | § | |
| v. | § | NO. 4:23-CV-00209-BD |
| | § | |
| **THE KROGER CO.**, *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

In this diversity case, defendants The Kroger Co. and Kroger Texas L.P. moved to designate Stanley Access Technologies, LLC, as a responsible third party. Dkt. 35; *see* Dkts. 37 (response), 39 (reply), 41 (sur-reply). The defendants will be given an opportunity to amend the motion before the court rules on it.

## BACKGROUND

Plaintiff Mary Lynn Beaty alleges that she was injured when the sliding glass doors at the entry of a Kroger store struck her and knocked her to the ground. Dkt. 15 (operative complaint). The defendants' motion asserts that Stanley manufactured and supplied the automatic doors and therefore caused or contributed to Beaty's injuries. Dkt. 35 at 2.

## DISCUSSION

Under Texas law, "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate." Tex. Civ. Prac. & Rem. Code § 33.004(a); *see Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014) (holding that § 33.004 is substantive law that applies in federal diversity cases); *accord Guerra v. Indo Canadian Carriers*, No. 1:23-CV-01529-DAE, 2025 WL 1262942, at *1 (W.D. Tex. Feb. 13, 2025), *report and recommendation adopted*, No. 1:23-CV-01529-DAE, 2025 WL 1262939 (W.D. Tex. Apr. 30, 2025). "A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." Tex. Civ. Prac. & Rem. Code § 33.004(f). "[A]bsent a pleading defect and an

opportunity to cure," the court has no discretion to deny a timely filed motion to designate. *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022).

A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code § 33.011(6). Designation of a responsible third party permits the defendants to introduce evidence of the third party's fault and the factfinder to apportion responsibility to the third party even if that third party is not joined. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (citing *Withers*, 13 F. Supp. 3d at 688). But the plaintiff may join the responsible third party if the applicable rules would permit joinder. *Id.*; *see Withers*, 13 F. Supp. 3d at 688–89. The designation of a responsible third party "does not by itself impose liability" and "may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability." Tex. Civ. Prac. & Rem. Code § 33.004(i).

The defendants' motion appears to have been timely filed. But it does not satisfy the applicable pleading standard.

**A. Timeliness**

A motion for leave to designate a responsible third party is timely if filed at least 60 days before trial. *Id.* § 33.004(a). But "[a] defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." *Id.* § 33.004(d).

The defendants filed their motion in June 2025, well before the December trial setting. *See* Dkt. 32. That means the first timeliness requirement was satisfied.

The limitations period for Beaty's tort claims is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Beaty alleges that she was injured on October 18, 2022, Dkt. 15 at 2, so the limitations period ran on October 18, 2024. Because the defendants filed their motion after that date, it should

2

be denied if they "failed to comply with [their] obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." *Id.* § 33.004(d). Beaty's response to the motion does not argue that the defendants failed to timely disclose Stanley's potential status as a responsible third party.

### B. Pleading sufficiency

The court may deny leave to designate a responsible third party only if the objecting party establishes that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure" and still fails to do so after being granted leave to replead. *Id.* § 33.004(g). The motion to designate need satisfy only the fair-notice pleading standard, which requires "a short statement of the cause of action sufficient to give fair notice of the claim involved." *In re YRC Inc.*, 646 S.W.3d 805, 809 (Tex. 2022) (quoting Tex. R. Civ. P. 47(a)). A "cause of action" means the "fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief." *Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012) (citing *In re Jorden*, 249 S.W.3d 416, 421 (Tex. 2008)). The standard is satisfied if "a party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy." *In re YRC Inc.*, 646 S.W.3d at 809–10.

Beaty's response to the motion focuses on the purported lack of evidentiary support for Stanley's alleged involvement in causing her injuries. But appropriate objections to a motion to designate a responsible third party concern allegations, not evidence. *See* Tex. Civ. Prac. & Rem. Code § 33.004(g). Beaty briefly challenges the sufficiency of the defendants' allegations. Dkt. 37 at 4 ¶ 17. Those allegations are terse: "If there was an unreasonably dangerous condition at the store, . . . said condition was, upon information and belief, created by the negligence of Stanley Access Technologies LLC employees, agents, contractors, or representatives, the manufacturer and supplier of the automatic doors installed at the Kroger [at] issue in this case." Dkt. 35 at 1–2.

Those allegations do not provide Beaty fair notice of what cause of action, if any, could give rise to Stanley's responsibility for her injuries. For example, the defendants' motion does not allege

3

facts to suggest any defect in the marketing, design, or manufacturing of the doors. *See Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 381–82 (Tex. 1995) (explaining that a defendant may be strictly liable for selling a product that is unreasonably dangerous because of a defect in manufacturing, design, or marketing). Nor does it allege that Stanley exercised less than ordinary care in the design and production of the doors. *See id.* at 384–85 (explaining how the negligence standard applies to manufacturers).

Those defects may not be fatal to the defendants' motion. Section 33.004 allows the court to deny a motion to designate a responsible third party only if, "after having been granted leave to replead, the defendant fail[s] to plead sufficient facts." Tex. Civ. Prac. & Rem. Code § 33.004(g)(2). For that reason, the defendants will be given an opportunity to file an amended motion.

## CONCLUSION

It is **ORDERED** that, within 14 days, the defendants file an amended motion to designate Stanley Access Technologies that satisfies the applicable pleading standard. Failure to do so will result in denial of their motion.

So **ORDERED** and **SIGNED** this 12th day of September, 2025.

_____
Bill Davis
United States Magistrate Judge