IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARY LYNN BEATY** | § | |
| | § | |
| **v.** | § | **NO. 4:23-CV-00209-BD** |
| | § | |
| **THE KROGER CO.,** *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

In this diversity case, Mary Lynn Beaty sued The Kroger Co. and Kroger Texas L.P. for damages arising from personal injuries sustained at a grocery store. Dkt. 15 (operative complaint). The defendants moved for summary judgment. Dkt. 34; *see* Dkts. 38 (response), 40 (reply). The motion will be granted.

## BACKGROUND

Beaty alleges that she was struck by malfunctioning sliding glass doors at the entrance to a Kroger store. She sued, alleging premises liability, ordinary negligence, and res ipsa loquitur.

The defendants moved for summary judgment, arguing that Beaty cannot show that The Kroger Co. owed her a duty because it did not operate or control the store; that Beaty's ordinary-negligence claim is precluded by her premises-liability claim; and that Beaty cannot meet her burden in response to their motion for summary judgment on either the notice or breach elements of her premises-liability claim.

## SUMMARY-JUDGMENT STANDARD

A summary-judgment movant bears the initial burden of demonstrating, by reference to record evidence, if necessary, that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if, under the governing substantive law, it could affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When the movant would bear the burden of proof at trial, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense" it seeks to prove. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But when the nonmovant would bear the burden of proof at trial, the movant may carry its initial summary-judgment burden by asserting that "the nonmovant has failed to establish an element essential to" its case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). The nonmovant may then avoid summary judgment by demonstrating the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[A] party opposing a properly-supported summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 460 (5th Cir. 2024) (quotation marks omitted). Although the court must resolve all reasonable doubts in the nonmovant's favor, *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981), "[c]onclusional allegations and denials, speculation, and unsupported assertions are insufficient to avoid summary judgment," *Sanches v. Carrollton-Farmers Branch ISD*, 647 F.3d 156, 165 (5th Cir. 2011).

## DISCUSSION

### I.  Claims Against The Kroger Co.

"Negligence actions in Texas require," among other things, "a legal duty owed by one person to another." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quotation marks omitted). "The existence of a duty is a question of law." *Id.* "As a general rule, the plaintiff must establish the existence of a duty; the burden is not on the defendant to show that it had no duty." *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 182 (Tex. 2004) (footnote omitted).

"A landowner has a duty to exercise reasonable care to make the premises safe for invitees." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). A defendant other than a landowner may owe the same duty if it has a right to control the property or "sufficient control over the part

of the premises that presented the alleged danger so that the defendant has the responsibility to remedy it." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473, 479 (Tex. 2017).

The defendants argue that The Kroger Co. owed no duty to Beaty because it did not own or operate the store at which she was injured or employ anyone who worked there. They support that assertion with an affidavit by an employee of The Kroger Co. stating that fact. Dkt. 34-1 at 3.

In response, Beaty argues that The Kroger Co. has not shown that it does not own or control the store, so its failure to safely maintain the sliding doors gives rise to its liability. Beaty challenges the affidavit, arguing that The Kroger Co. "does not establish . . . that [it] is not the owner of the Subject Store." Dkt. 38 at 15. But she identifies no evidence of The Kroger Co.'s ownership or control and instead suggests that "whatever business relationship purportedly exists between" the defendants "is unknown because it has not been produced in discovery." *Id.*

The Kroger Co. is entitled to judgment. Although Beaty suggests that the defendants improperly withheld materials during discovery, she did not seek the court's assistance with any discovery dispute or file any motion to compel discovery. *See* Dkts. 12 at 4–5, 19 at 3–4, 32 at 4 (setting out the court's expectations for informal resolution of discovery disputes). And regardless of the admissibility of The Kroger Co.'s affidavit, it is Beaty's burden to show that The Kroger Co. owed her a duty. Beaty has not met that burden, so her claims against The Kroger Co. cannot proceed. *See Matsushita*, 475 U.S. at 586; *Johnson*, 90 F.4th at 460; *Sanches*, 647 F.3d 156 at 165.

## II.  Ordinary Negligence and Premises Liability

Under Texas law, "a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner," "[d]epending on the circumstances." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply." *Id.* But "when the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). "Res ipsa loquitur

is simply a rule of evidence by which negligence may be inferred," not a standalone cause of action. *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990).

The defendants argue that Beaty's premises-liability claim precludes her ordinary-negligence claim because Beaty was injured by a condition of the premises, not by the negligent activity of any Kroger employee. In response, Beaty concedes that her claim against the store owner sounds in premises liability, but she argues that The Kroger Co. is liable under an ordinary negligence theory because it "has provided no evidence that it required stores to conduct regular maintenance and/or inspections on dangerous conditions." Dkt. 38 at 2.

That is another attempt to improperly shift the summary-judgment burden to The Kroger Co. As already discussed, Beaty has not, in response to the defendants' motion, produced evidence to raise a genuine fact issue about whether The Kroger Co. owed her a duty. Without that evidence, her negligence claim and her related invocation of res ipsa loquitur do not survive summary judgment.

### III. Elements of Premises Liability

To prevail on a premises-liability claim, the plaintiff must prove:

> (1) that [the defendant] had actual or constructive knowledge of some condition on the premises;
>
> (2) that the condition posed an unreasonable risk of harm to [the plaintiff];
>
> (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk; and
>
> (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal injuries.

*United Scaffolding*, 537 S.W.3d at 471 (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)).

The defendants argue that Beaty has not raised a genuine issue of fact as to either their alleged knowledge of the dangerous condition that harmed her—i.e., doors that could suddenly close on a person standing between them—or their alleged failure to exercise the requisite degree of care to reduce that risk. Beaty disagrees, arguing that the defendants knew that the doors presented a

4

dangerous condition because they had malfunctioned 31 times within a 13-hour period on the day she was injured and that the warnings on the doors were insufficient.

In response to the defendants' motion, Beaty produced no evidence that the defendants knew or should have known that the doors could close suddenly while a person stood between them. Because the defendants are entitled to summary judgment on that essential element of Beaty's claim, the court need not consider whether the warnings posted on the doors were adequate.

## A. Knowledge of the condition

Knowledge of an unreasonably dangerous condition may be actual or constructive. "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident," and "constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *Albertsons, LLC v. Mohammadi*, 689 S.W.3d 313, 317 (Tex. 2024), *reh'g denied* (June 14, 2024) (cleaned up).

The defendants argue that Beaty has failed to demonstrate the existence of a genuine issue of fact as to either actual or constructive knowledge of an unreasonably dangerous condition. They are correct.

Beaty relies on the deposition testimony of Jahan Rasty, her designated expert witness, in an effort to show the defendants' knowledge. Rasty described viewing video footage that showed the automatic doors from 1:44 a.m. to 2:49 p.m. on the day Beaty was injured. Dkt. 38-2 at 4. He observed "about 31 instances of malfunction" and saw "Kroger employees actually noticing it's malfunctioning" and trying to fix it. *Id.* Rasty also described seeing video of the doors hitting Beaty. *Id.* at 5. Rasty described the earlier incidents as the doors "open[ing] without anyone in the path of the motion sensors," Dkt. 40-1 at 3, "attempt[ing] to close and reopen" when nothing was in their path, *id.* at 4, and "the west door panel com[ing] off the track" while the doors "remain[ed] open," *id.* at 7. Rasty also noted two instances of a Kroger employee pushing one of the doors back onto its track. *Id.* at 10. But of all the malfunctions Rasty noted, the only one that involved the doors closing while a person was in their path was when they struck Beaty. Dkt. 40-1 at 3–10.

The defendants argue that the summary-judgment evidence could support a conclusion that they had knowledge that the doors spontaneously opened when no one was in their path or that the doors could come off their tracks. But those are not the conditions that Beaty alleges caused her injuries. She claims that she was hurt by the doors closing suddenly while she was in the threshold. The defendants point out that, in response to their motion, Beaty produced no evidence that the doors had ever before closed while a person was in the threshold, so they had no reason to think that the doors might do so.

"A condition poses an unreasonable risk of harm for premises-defect purposes when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (quoting *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)). "In all negligence actions, the foreseeability of the harmful consequences resulting from the particular conduct is the underlying basis for liability." *Corbin*, 648 S.W.2d at 296. Thus, the plaintiff's right to recover "depends on [her] showing [the defendant's] knowledge of the foreseeable harm of some course of conduct or method of operation." *Id.*

The summary-judgment evidence does not raise a genuine issue of fact regarding the defendants' alleged knowledge, whether actual or constructive, of an unreasonably dangerous condition at the store. In response to the defendants' motion on this point, Beaty produced no evidence that anyone had ever been struck by the doors or reported that the doors closed while someone stood between them. *See Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (explaining that, to find actual knowledge of a dangerous condition, courts "consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition"). And although 31 malfunctions over a 13-hour period could support the conclusion that the defendants had constructive knowledge of some malfunction, the relevant condition is "the condition at the time and place injury occurs, not some antecedent situation that produced the condition." *Albertsons*, 689 S.W.3d at 318; *see Chessmore v. Wal-Mart Stores Tex.*, L.P., No. CIV.A. H-08-1642, 2009 WL 3245413, at *6 (S.D. Tex. Oct. 5, 2009) (granting summary

judgment for a defendant in another sliding-door case in which "[t]he record show[ed] that the problem—an automatic door that opens too slowly—was not a problem that made the doors unreasonably dangerous"). In short, Beaty's burden in response to the defendants' summary-judgment motion was to produce some evidence that the defendants knew or should have known that the automatic doors could close while a person stood between them, and she did not meet that burden. *See Matsushita*, 475 U.S. at 586; *Johnson*, 90 F.4th at 460; *Sanches*, 647 F.3d 156 at 165.

### B.  Adequacy of warnings

The defendants argue that they fulfilled their duty to invitees on the property by marking the automatic doors with warnings advising patrons that the "[d]oor may close without warning" and to "stand clear." Dkt. 34 at 29. Beaty disputes the admissibility of the photographs of those warnings included in the defendants' motion and argues that, even if the warnings were present on the day she was injured, they were insufficient to satisfy the defendants' alleged duty.

A premises owner can satisfy its duty "to make the premises safe for invitees" by either eliminating the dangerous condition or "providing an adequate warning of the danger." *Austin*, 465 S.W.3d at 202. "To be adequate, a warning must be more than a general instruction such as 'be careful'; the warning must notify of the particular condition." *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014). The warning is adequate if, "given the totality of the surrounding circumstances, [it] identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand." *Id.* at 253.

Because Beaty fails to support the knowledge element of her claim, the court need not consider whether the warnings on the automatic doors were adequate.

### CONCLUSION

It is **ORDERED** that the defendants' summary-judgment motion, Dkt. 34, is **GRANTED** and that Beaty's claims are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this 19th day of September, 2025.

_____
Bill Davis
United States Magistrate Judge