**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MARY LYNN BEATY** | § | |
| | § | |
| **v.** | § | **NO. 4:23-CV-00209-BD** |
| | § | |
| **THE KROGER CO.,** ***et al.*** | § | |

## MEMORANDUM OPINION AND ORDER

In this diversity case, Mary Lynn Beaty sued The Kroger Co. and Kroger Texas L.P. ("Kroger," collectively) for damages arising from personal injuries sustained at a grocery store. Dkt. 15 (operative complaint). The court granted Kroger's motion for summary judgment, Dkt. 43, and entered a final judgment dismissing Beaty's claims with prejudice, Dkt. 44. Beaty filed a motion for reconsideration of the court's judgment, which she described as a motion for a new trial. Dkt. 45; *see* Dkt. 46 (response). The motion will be denied.

## BACKGROUND

Beaty alleges that she was struck by malfunctioning sliding glass doors at the entrance to a Kroger store. Dkt. 15 at 2. She sued, alleging premises liability, ordinary negligence, and res ipsa loquitur. *Id.* at 3.

Kroger moved for summary judgment, arguing that Beaty could not show that The Kroger Co. owed her a duty; that her ordinary-negligence claim is precluded by her premises-liability claim; and that she could not meet her summary-judgment burden on either the knowledge or breach elements of her premises-liability claim. Dkt. 34. The court granted the motion, finding that, although there was evidence that the doors were malfunctioning before the incident involving Beaty, the summary-judgment record contained no evidence that Kroger knew or should have known that the doors could close suddenly while a person stood between them. Dkt. 43 at 5–7.

Twenty-eight days later, Beaty moved for a "new trial." Dkt. 45. The motion argues that the court erred in finding no evidence that the doors had closed when a person was between them because there were 31 other instances of the doors malfunctioning and one other instance when the

doors closed too quickly after a person passed through them. *Id.* at 1–2. In response, Kroger argues that Beaty's motion should be denied because the evidence she presented on reconsideration was either already considered by the court or was not previously presented to the court even though it was available at the time Beaty responded to the summary-judgment motion. Dkt. 46.

**LAW**

When a court grants summary judgment, there is no trial, so there can be no new trial. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Federal Rule of Civil Procedure 59(a), which authorizes a court to "grant a new trial" in specified circumstances, is therefore inapplicable. *Alford v. Access Indus., Inc.*, No. 1:15-cv-59, 2016 WL 7665860, at *1 (E.D. Tex. Apr. 26, 2016). A motion for reconsideration of a summary judgment is treated as filed under Rule 59(e), if filed within 28 days of the judgment, or under Rule 60(b), if filed later. *Dillion v. Martin*, No. 24-30360, 2024 WL 4589799, at *3 (5th Cir. Oct. 28, 2024). Beaty met the 28-day deadline, so the court will analyze her motion under Rule 59(e).

Entitled "Motion to Alter or Amend a Judgment," Rule 59(e) provides, in full: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Case law supplies the standard. A Rule 59(e) motion "calls into question the correctness of a judgment," *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002), and serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A "[m]anifest error is one that is plain and indisputable[] and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). But a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479; *see also Smith v. Osborne*, No. 4:18-cv-00906, 2020 WL 4808605, at *1 (E.D. Tex. July 14, 2020) (explaining that "mere disagreement" with an order "does not warrant reconsideration").

"A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). The court "must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

**DISCUSSION**

Beaty's motion does not challenge the court's conclusion as to duty, *see* Dkt. 43 at 2–4, that her ordinary-negligence claim is precluded by her premises-liability claim, *see id.* at 3–4, or that res ipsa loquitur is not a cause of action, *see id.* The motion challenges only the court's finding that Beaty presented no evidence that Kroger had actual or constructive knowledge that the automatic doors could close on a person in their path. Dkt. 45; *see* Dkt. 43 at 5–7.

To prevail on a premises-liability claim under Texas law, the plaintiff must prove, among other things, "that [the defendant] had actual or constructive knowledge of some condition on the premises." *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident," and "constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *Albertsons, LLC v. Mohammadi*, 689 S.W.3d 313, 317 (Tex. 2024) (cleaned up).

In her response to the summary-judgment motion, Beaty argued that Kroger had actual and constructive knowledge based on 31 previous instances of the sliding doors malfunctioning. Dkt. 38 at 8. The court found that evidence insufficient, explaining that Beaty's expert witness, Jahan Rasty, "described the earlier incidents as the doors 'opening without anyone in the path of the motion sensors,' 'attempting to close and reopen' when nothing was in their path, and 'the west door panel coming off the track' while the doors 'remained open.'" Dkt. 43 at 5 (cleaned up) (quoting Dkt. 40-1 at 3–4, 7).

> But of all the malfunctions Rasty noted, the only one that involved the doors closing while a person was in their path was when they struck Beaty. . . . And although 31 malfunctions over a 13-hour period could support the conclusion that the defendants had constructive knowledge of some malfunction, the relevant condition is "the condition at the time and place injury occurs, not some antecedent situation that produced the condition."

*Id.* at 5–6 (quoting *Albertsons*, 689 S.W.3d at 318).

In the main, Beaty's motion argues that sliding glass doors should not close when someone is between them, Dkt. 45 at 4–5, that Kroger knew that the doors were malfunctioning, *id.* at 5–8, that a person can be injured if hit by sliding glass doors, *id.* at 8–9, that Kroger did not take the doors out of operation, *id.* at 9–11, and that being struck by the doors caused Beaty's injuries, *id.* at 11–12. None of those arguments addresses the evidentiary deficiency the court's order identified. Only two sentences in Beaty's motion attempt to address that deficiency:

> [T]he judgment noted that there was no evidence anyone had been struck by the door or reported that they closed, but the doors closed and almost struck someone at 13:24:18. . . . One specific instance occurred at 13:24:18 as the presence sensor failed to function properly and remain open while a customer had just entered and was clearing the threshold but closed.

*Id.* at 1, 10 (citing Dkts. 45-2 at 29 (111), 45-4 at 16) (describing a video of the doors).

That evidence does not cure the deficiency the court noted. Here is the relevant passage of Rasty's deposition testimony:

> Q. At 13:24:18, it appears that you identify an incident with the door. Can you tell me what happened there?
>
> . . .
>
> A. Okay. It says that the doors attempt to close immediately after customer walks through the entrance. Okay? So they are designed to at least wait one and a half seconds. So if that customer was a little slow going through that door, they would have been struck by that door. But it -- it closed very rapidly, which is a sign of a malfunctioning presence sensor or safety sensor, because it moves too quickly just after somebody passes through.

Dkt. 45-2 at 29 (111–12).

On cross-examination, Rasty elaborated:

Q. Okay. And then going back to Exhibit 3, your report, you talked about the time stamp at 13:24:18 when the door attempts to close. You agree with me the video doesn't show the door closing, though. When it's -- when the customer comes through, the door -- the door is open. They don't close on her. Correct?

A. The door attempts to close immediately after the customer walks through the entrance.

Q. Is that all you remember from the video, is your notation?

A. Yeah. That -- that it -- it attempted to close when it shouldn't have, basically.

Q. You agree with me that at that timestamp, 13:24:18, when the door started to close, the doors sensed the customer and they reopened. Do you agree with that or not?

A. Not within the time -- the time frame. It failed to wait one and a half seconds to close. It shouldn't have ever tried to close to reopen.

*Id.* at 30–31 (116–17). In her report, Rasty similarly described how, at the video's 13:24:18 timestamp, "[t]he doors attempt[ed] to close immediately after a customer walk[ed] through the entrance (failed to wait 1.5 seconds)." Dkt. 45-4 at 16.

Beaty has presented no other evidence describing the occurrence captured at timestamp 13:24:18, and the evidence just quoted does not indicate that Kroger either "knew or should have known that the automatic doors could close while a person stood between them." Dkt. 43 at 7. It instead indicates that the doors had "a malfunctioning presence sensor or safety sensor," Dkt. 45-2 at 29 (112), and that the doors "attempt[ed] to close immediately after the customer walk[ed] through the entrance . . . when [they] shouldn't have," *id.* at 30–31 (116–17). But that the doors attempted to close immediately *after* a customer walked through them is no evidence that, before the incident involving Beaty, they closed "*while* a person stood between them." Dkt. 43 at 7 (emphasis added).

In any event, Beaty failed to present most of that evidence in her response to the motion for summary judgment. When the court was considering that motion, the record did not support a conclusion even that "the door[s] attempt[ed] to close immediately after [a] customer walk[ed] through the entrance" before Beaty did. *See* Dkts. 45-2 at 30–31 (116–17) (reflecting that only the

final words of that sentence—"after the customer walks through the entrance"—appear on page 117 of Rasty's deposition transcript), 38-2 at 8 (summary-judgment exhibit including page 117, but not page 116, of the deposition transcript); *contrast also* Dkts. 45-2 at 29, 45-4 (motion for new trial including pages 111 and 112 of the deposition transcript and Rasty's expert report) *with* Dkts. 38-2, 38 (including neither those pages of the deposition transcript nor the expert report). The only information regarding that prior incident that the court had before it when it ruled on the summary-judgment motion was that the doors "close[d] when [they] shouldn't have" and "failed to wait one and a half seconds to close." Dkt. 38-2 at 9 (117).

Beaty does not argue that the additional evidence attached to her motion for a new trial was unavailable when she responded to the motion for summary judgment, and it is hard to see how she could credibly do so. Rasty's expert report is dated October 11, 2023, Dkt. 45-4 at 1—long before Beaty filed her response to the motion for summary judgment in July 2025, Dkt. 38. And if page 117 of Rasty's deposition transcript was available at the time Beaty responded to the motion for summary judgment, surely pages 111, 112, and 116 were as well. So even if Rasty's expert report or her deposition testimony that "[t]he door[s] attempt[ed] to close immediately after the customer walk[ed] through the entrance," Dkt. 45-2 at 30–31 (116–17), would have been some summary-judgment evidence that Kroger had the requisite knowledge, those exhibits to the motion for new trial could not help Beaty at this stage. Again, "[a] Rule 59(e) motion . . . is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79.

## CONCLUSION

It is **ORDERED** that Beaty's motion for a new trial, Dkt. 45, is **DENIED**.

So **ORDERED** and **SIGNED** this 26th day of August, 2026.

Bill Davis
United States Magistrate Judge